**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| CECILY GONZALEZ, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | Case No.: 7:25-cv-00852-JGLC |
| | : | |
| vs. | : | JURY TRIAL DEMANDED |
| | : | |
| BRENNTAG NORTHEAST, LLC, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT,**
**BRENNTAG NORTHEAST, LLC'S, MOTION TO DISMISS**

## Table of Contents

Table of Contents ...................................................................................................... ii

I.    Introduction ....................................................................................................... 1

II.   Questions Presented .......................................................................................... 1

III.  Facts ................................................................................................................... 1

    A.   Gonzalez sues Brenntag Northeast, an out-of-state company,
    for an out-of-state auto accident ................................................................... 2

    B.   Brenntag Northeast has limited New York connections. ............................. 2

IV.   Argument ............................................................................................................ 3

    Standards of Review ........................................................................................... 3

    A.   New York lacks personal jurisdiction over Brenntag Northeast,
    a foreign LLC, for claims arising from an New Jersey auto accident. ............... 4

        1.   Specific personal jurisdiction does not exist under New
        York's long-arm statute. ............................................................................ 4

        2.   Even if New York's long arm statute permitted New York
        to exercise specific personal jurisdiction, the Due Process
        Clause would not. ....................................................................................... 7

        3.   Brenntag Northeast is not "at home" in New York, which
        would make an exercise of general jurisdiction
        unconstitutional. ........................................................................................ 8

        4.   This Court must follow the Court of Appeals'
        determination that New York's long arm statute does not
        compel foreign companies who register in New York to consent
        to general jurisdiction. .............................................................................. 10

    B.   Even if New York had personal jurisdiction, venue would be
    improper in this Court. ................................................................................... 11

    C.   The Court could transfer the case. ................................................................ 12

V.    Conclusion ........................................................................................................ 12

# Table of Authorities

## Statutes

*Aybar v. Aybar*, 177 N.E.3d 1257 (N.Y. 2021) ........................................................ 8, 10

*BNSF Ry. v. Tyrrell*, 581 U.S. 402 (2017) ......................................................... 8, 9, 10

*Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492 (2d Cir. 2020)...................................... 10

*Christie v. Hyatt Corp.*, No. 22-4839, 2024 WL 2387513, 2024 U.S. Dist. LEXIS 92807 (E.D.N.Y. May 23, 2024) ........................................................... 8, 11

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) ............................................................ 8, 9

*Daou v. BLC Bank, S.A.L.*, 42 F. 4th 120 (2d Cir. 2022).............................................. 5

*Don King Prods., Inc. v. World Boxing Ass'n*, No. 21-4885, 2022 WL 2133751, 2022 U.S. Dist. LEXIS 106152 (S.D.N.Y. June 14, 2022) ............................... 12

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351 (2021) ...................... 7, 8

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011)................... 8

*Gulf Ins. v. Glasbrenner*, 417 F.3d 353 (2d Cir. 2005)............................................... 3

*Hopstein v. Cohen*, 40 N.Y.S.3d 436 (App. Div. [2d Dept 2016])............................... 6

*In re Roman Catholic Diocese of Albany*, 745 F.3d 30 (2d Cir. 2014) (per curiam)..................... 9

*Johnson v. Ward*, 829 N.E.2d 1201 (N.Y. 2005)......................................................... 6

*Licci* ex rel. *Licci v. Leb. Can. Bank*, 732 F.3d 161 (2d Cir. 2013) ("*Licci III*")........................ 5, 7

*Licci* ex rel. *Licci v. Leb. Can. Bank, SAL*, 673 F.3d 50 (2d Cir. 2012) ("*Licci I*")................... 4, 5

*Mallory v. Norfolk S. Ry.*, 600 U.S. 122 (2023)...................................................... 4, 10

*Mayor v. Sankareh*, No. 21-10831, 2023 WL 2393919, 2023 U.S. Dist. LEXIS 20532 (S.D.N.Y. Feb. 7, 2023) ...................................................................... 6

*Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952) ..................................... 9

*Relevant Sports, LLC v. U.S. Soccer Fed'n*, 61 F. 4th 299 (2d Cir. 2023)................... 8

*Shepperson v. Greenwood Motor Lines, Inc.*, No. 23-9097, 2024 WL 967438, 2024 U.S. Dist. LEXIS 391195 (S.D.N.Y. Mar. 6, 2024)................................. 12

*Sonera Hldgs., B.V. v. Cukorva Hldgs., A.S.*, 750 F.3d 221 (2d Cir. 2014) (per curiam) ............. 9

*Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792 (S.D.N.Y. 2015)................................................ 9

*U.S.* ex rel. *Donohue v. Carranza*, 585 F. Supp. 3d 383 (S.D.N.Y. 2022).............................. 3, 11

*Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196 (2d Cir. 2001) ...................................... 3

**Other Authorities**

28 U.S.C. § 1391 ............................................................................................................ 1, 11

28 U.S.C. § 1406 .................................................................................................................. 12

42 Pa.C.S. § 5302 ................................................................................................................ 10

N.Y.C.P.L.R. § 301 ............................................................................................................. 4

N.Y.C.P.L.R. § 302 ..................................................................................................... 4, 5, 10

N.Y.C.P.L.R. § 311 ............................................................................................................. 4

**Rules**

Fed. R. Civ. P. 12 ................................................................................................................ 3

Fed. R. Civ. P. 4 ................................................................................................................. 4

## I.    Introduction

This action for personal injuries arises from an auto accident that happened in New Jersey and that Plaintiff, Cecily Gonzalez, alleges was caused by Defendant, Brenntag Northeast, LLC, a Delaware limited liability company headquartered in Pennsylvania. Neither New York's long arm statute nor the Due Process Clause permits New York to exercise personal jurisdiction over Brenntag Northeast. It cannot be subject to specific personal jurisdiction in New York for a New Jersey accident. Further, Brenntag Northeast's business contacts with New York state are not so "continuous" or "systematic" to render Brenntag Northeast "at home" in New York to make general jurisdiction personal proper. And even were personal jurisdiction proper, venue would be improper under 28 U.S.C. § 1391. The Court should grant Brenntag Northeast's Motion and dismiss this case.

## II.    Questions Presented

A.  Should the Court dismiss or transfer the case for lack of personal jurisdiction?

***Suggested answer:*** Yes. New York lacks general or specific personal jurisdiction over Brenntag Northeast, an out-of-state company for claims arising from an out-of-state motor-vehicle accident.

B.  Alternatively, should the Court dismiss for improper venue?

***Suggested answer:*** Yes. Venue is improper under any subsection of the general venue statute, 28 U.S.C. § 1391(b).

## III.    Facts

Gonzalez claims that she was injured in New Jersey in an auto accident that she alleges was caused by a Brenntag Northeast driver. A copy of Gonzalez's Complaint is **Exhibit "A."**

**A.  Gonzalez sues Brenntag Northeast, an out-of-state company, for an out-of-state auto accident.**

According to her complaint, Gonzalez lives in Sterling Forest, New York. She alleges that she was a passenger on a New Jersey Transit bus on July 22, 2024, while it was traveling on New Jersey state route 3 in Clifton, New Jersey. (*See* Ex. A. ¶ 11.) She alleges that, at the same time, Luis U. Santiago, an employee or agent of Brenntag Northeast, was operating a Pennsylvania-registered "2016 Freight Truck." (*See* Ex. A. ¶¶ 7-10.) Gonzalez alleges that Santiago's truck violently contacted the rear of the New Jersey Transit bus, causing an accident and resulting in "serious and severe permanent personal injuries" to Gonzalez. (*See* Ex. A. ¶¶ 11-14.)

**B.  Brenntag Northeast has limited New York connections.**

Brenntag Northeast is part of Brenntag SE, an international group of companies headquartered in Germany. A copy of Brenntag Northeast's Declaration in support of this Motion is **Exhibit "B."** (*See* Ex. B. ¶ 2.) Brenntag Northeast is itself a Delaware LLC with its principal place of business in Reading, Pennsylvania. (Ex. B. ¶¶ 3-4.) Brenntag Northeast's sole member Brenntag North America, Inc., Brenntag SE's North American subsidiary. (Ex. B. ¶ 5.) Brenntag North America, Inc., is a Delaware corporation with its principal place of business in Reading, Pennsylvania. (*See* Ex B. ¶ 5.) In fact, Gonzalez concedes in her complaint, as she must, that Brenntag Northeast is a foreign (out-of-state) business. (*See* Ex. A. ¶ 2.)

Brenntag Northeast distributes industrial and specialty chemicals to various industries and users. (Ex. B. ¶ 6.) It operates in many states in, unsurprisingly, the northeastern United States and neighboring regions. (*Id.*) Those states include Pennsylvania, New Jersey, Maryland, all New England, parts of Ohio, and parts of West Virginia. (Ex. B. ¶ 7.) Brenntag Northeast also operates in New York, but it has no active locations in New York. (Ex. B. ¶ 8.)

For his part, Luis Santiago was neither a New York resident nor New-York-licensed driver. (Ex. B. ¶ 10.) The Freightliner truck tractor he was operating was not registered or titled in New York. (Ex. B. ¶ 11.) The semitrailer his truck tractor was towing also was not registered or titled in New York. (Ex. B. ¶ 12.) And at the time of the accident allegedly leading to Gonzalez's injuries, Santiago was traveling from one point in New Jersey to another. (Ex. B. ¶ 13.)

After Brenntag Northeast was served with original process, it timely removed this action to this Court. Brenntag Northeast now moves to dismiss for lack of personal jurisdiction or improper venue.

## IV.  Argument

New York lacks personal jurisdiction over Brenntag Northeast for Gonzalez's claims. Even if it had personal jurisdiction, New York would be an improper venue.

### Standards of Review

When a defendant moves to dismiss under Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of establishing that the court has personal jurisdiction over the defendant. *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001). The plaintiff can meet her burden by showing, prima facie, that personal jurisdiction exists through pleadings or affidavits and supporting materials. *Id.* The same standard applies when a defendant moves to dismiss for improper venue under Rule 12(b)(3). *See Gulf Ins. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005).

Generally speaking, courts address personal jurisdiction before considering whether venue is proper. *U.S.* ex rel. *Donohue v. Carranza*, 585 F. Supp. 3d 383, 386-87 (S.D.N.Y. 2022) (quoting *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979)). For "prudential considerations," however, a court may decide venue before addressing personal jurisdiction. *See id.*

### A.  New York lacks personal jurisdiction over Brenntag Northeast, a foreign LLC, for claims arising from an New Jersey auto accident.

To determine whether it has personal jurisdiction, the Court first analyzes whether service of process was procedurally proper. *Licci* ex rel. *Licci v. Leb. Can. Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012) ("*Licci I*"). Brenntag Northeast does not contest service of process. Before removal, it received notice of this action by personal service on its registered agent in New York. *See* Fed. R. Civ. P. 4(h)(1); N.Y.C.P.L.R. § 311(a)(1).

Second, a statutory basis must exist that renders service of process effective, determined by reference to New York law. *See id.* at 60. Third, the exercise of personal jurisdiction must satisfy constitutional due process. *Id.*

In her Complaint, Gonzalez contends that the New York state court has personal jurisdiction over Brenntag Northeast under N.Y.C.P.L.R. § 301 (general jurisdiction) and § 302(a)(1) (specific jurisdiction). Gonzalez is incorrect. The Cout lacks jurisdiction under either theory. Moreover, the Supreme Court's recent decision in *Mallory v. Norfolk S. Ry.*, 600 U.S. 122 (2023), does not apply, because New York law provides that Brenntag Northeast did not "consent" to general personal jurisdiction merely by registering to do business in New York.

### 1.  Specific personal jurisdiction does not exist under New York's long-arm statute.

In her Complaint, Gonzalez relies on N.Y.C.P.L.R. § 302(a)(1) to establish personal jurisdiction over Brenntag Northeast. Section 302(a)(1) permits New York to assert personal jurisdiction over foreign defendants "who in person or through an agent" transact "any business within the state." Unlike other states' long arm statutes, however, § 302(a)(1) "does not extend in all respects to the constitutional limits" on a state's assertion of personal jurisdiction. *Licci I*, 673 F.3d at 60-61. Although circumstances in which a defendant's contacts with New York satisfy § 302(a)(1), but not due process, should be "rare," courts still must analyze both when determining

whether personal jurisdiction exists. *Licci* ex rel. *Licci v. Leb. Can. Bank*, 732 F.3d 161, 170 (2d Cir. 2013) ("*Licci III*").

The *Licci* case illustrates this principle. There, Israeli residents filed suit against Lebanese Canadian Bank, alleging that it carried out transactions to finance Hizballah (the official State Department spelling). The residents alleged that Hizballah's rocket attacks injured or killed their relatives. *Licci I*, 673 F.3d at 54-55. In *Licci I*, the Second Circuit certified questions to the New York State Court of Appeals to determine whether the Bank's maintenance of a bank account and financial institution in New York conferred jurisdiction under N.Y.C.P.L.R. § 302(a)(1), and whether the plaintiff's claims arose from the bank's transaction of business. *Licci I*, 673 F.3d at 75. After the Court of Appeals answered both questions "yes," *Licci* ex rel. *Licci v. Leb. Can. Bank, SAL*, 984 N.E.2d 893 (N.Y. 2012) ("*Licci II*"), the Second Circuit considered whether the assertion of jurisdiction satisfied due process. *Licci III*, 732 F.3d at 164.

The assertion of jurisdiction under § 302(a)(1) must arise from the business transaction forming the basis of the jurisdictional assertion. *Licci I*, 673 F.3d at 60. Restated, an assertion of jurisdiction under § 302(a)(1) requires proof that the defendant transacted business within New York; and (2) the claim asserted "must arise from that business activity." *Daou v. BLC Bank, S.A.L.*, 42 F. 4th 120, 129 (2d Cir. 2022). The "arise from" prong of the jurisdictional inquiry requires that "in light of all of the circumstances, there must be an articulable nexus or substantial relationship between the business transaction and the claim asserted." *Id.* at 130 (internal quotation and quotation marks omitted). For instance, in *Licci II*, the Court of Appeals held that the Bank's repeated use of a New York bank account, allegedly to direct financial transactions to support Hizballah's financial arm, sufficed to establish personal jurisdiction under § 302(a)(1). *Licci II*, 984 N.E.2d at 901.

This case does not concern alleged international financing of terrorism, but a motor-vehicle accident that occurred in a neighboring state. Though New York and New Jersey share a border, they are separate sovereigns. State law circumscribes a person's ability to sue foreign corporations for claims that accrued in foreign jurisdictions. For out-of-state auto accidents, a plaintiff must connect the *accident* to a defendant's New York business activities to sustain personal jurisdiction. *See Mayor v. Sankareh*, No. 21-10831, 2023 WL 2393919, 2023 U.S. Dist. LEXIS 20532, at *11 (S.D.N.Y. Feb. 7, 2023), *adopted*, 2023 WL 2207602, 2023 U.S. Dist. LEXIS 31288 (S.D.N.Y. Feb. 24, 2023). As here, *Mayor* was a New Jersey motor-vehicle accident filed against an out-of-state corporate defendant based on its driver's acts. *Id.* at *1-2. This Court held that a "substantial relationship" did not exist between the defendant's New York activities and the New Jersey accident. *Id.* at *11.

The *Mayor* Court's analysis reflects how New York state courts have interpreted § 302(a)(1). The *Mayor* Court cited *Johnson v. Ward*, 829 N.E.2d 1201, 1203 (N.Y. 2005), in which the Court of Appeals held that a defendant's New York driver's license and vehicle registration were too attenuated to permit an assertion of jurisdiction for claims arising from an accident caused by negligent driving in New Jersey.

Similarly, in *Hopstein v. Cohen*, 40 N.Y.S.3d 436, 438 (App. Div. [2d Dept 2016]), the Appellate Division rejected an argument that the defendant's ownership of property court support personal jurisdiction. The plaintiffs' claims arose out of the defendant's operation of his vehicle in New Jersey, not his ownership of property in New York. *Id.*

Applying this federal and state case law here inexorably shows that the long arm statute does not permit personal jurisdiction over Brenntag Northeast. Gonzalez's claims against Brenntag Northeast arise from the allegedly negligent actions of Santiago in causing the accident, and in

Brenntag Northeast's alleged vicarious liability for Santiago's acts. Those acts all occurred in Clifton, New Jersey, where the accident happened. Other than a conclusory assertion of jurisdiction, Gonzalez alleges nothing that could connect her claims to any New York business activities of Brenntag Northeast.

Even though Brenntag Northeast conducts limited business in New York, Gonzalez nowhere connects that activity to the accident. And she cannot do so. She cannot allege that the drivers in the accident were licensed or reside in New York. She cannot allege that the vehicles were insured, registered, or titled in New York. She cannot allege that Santiago was traveling from or to New York. She cannot allege that the vehicles' owners are New York residents. In sum, Gonzalez cannot make any connection with Brenntag Northeast's New York contacts to her case.

Because § 302(a)(1) cannot support personal jurisdiction, the Court should grant Brenntag's Motion to Dismiss.

### 2. Even if New York's long arm statute permitted New York to exercise specific personal jurisdiction, the Due Process Clause would not.

Because the long arm statute does not support specific jurisdiction, the Court need not determine whether the Constitution does. But if it does reach this step, the Court should conclude that permitting personal jurisdiction over Brenntag Northeast would violate due process.

For specific jurisdiction to be permissible, a plaintiff's claims must "arise out of or relate to" the defendant's contacts with the forum state such that the defendant purposefully availed itself of the privilege of conducting business in that forum. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021). This test does not require strict causation, but it "does not mean anything goes." *Id.* at 362. Rather, the claims must arise out of or relate to the defendant's forum contacts. *Licci III*, 732 F.3d at 169-70. Constitutional due process requirements are similar to the test under New York's long arm statute. *Id.* at 170; *see also Relevant Sports, LLC v. U.S. Soccer*

*Fed'n*, 61 F. 4th 299, 306 (2d Cir. 2023) (reaching the same conclusion in light of *Ford Motor*), *cert. denied*, 144 S. Ct. 1391 (2024).

Gonzalez's claim against Brenntag Northeast does not arise out of or relate to its contacts with New York. The claim arises out of Brenntag Northeast's contacts with New Jersey. The accident involved a Brenntag Northeast truck tractor registered in Pennsylvania, which collided with a New Jersey Transit bus on a New Jersey state roadway. Nothing about the accident arises out of or relates to Brenntag Northeast's contacts with New York. *Cf. Ford Motor*, 592 U.S. at 371 (holding states had jurisdiction over Ford for claims of in-state injuries arising from claims of defective products that Ford had "extensively promoted, sold, and serviced" in the forum states). Thus, assuming the due process test for jurisdiction is broader than § 302(a)(1)'s, Gonzalez does not meet it.

### 3. Brenntag Northeast is not "at home" in New York, which would make an exercise of general jurisdiction unconstitutional.

Just as specific jurisdiction is unavailable, so is general jurisdiction. Under the Due Process Clause[1] "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so "continuous and systematic" as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011); *accord BNSF Ry. v. Tyrrell*, 581 U.S. 402 (2017); *Daimler AG v. Bauman*, 571 U.S. 117 (2014).

Merely doing business, even substantial business, does not render a foreign corporation "at home" in a state. "A corporation that operates in many places can scarcely be deemed at home in

---

[1] For general personal jurisdiction, New York's long arm statute permits jurisdiction to the constitutional limits. *See Aybar v. Aybar*, 177 N.E.3d 1257, 1265 & n.6 (N.Y. 2021); *Christie v. Hyatt Corp.*, No. 22-4839, 2024 WL 2387513, 2024 U.S. Dist. LEXIS 92807, at *3 n.2 (E.D.N.Y. May 23, 2024). Accordingly, the last two steps of the jurisdictional analysis fold into one. *Christie*, 2024 U.S. Dist. LEXIS 92807, at *3 n.2.

all of them. Otherwise, "at home" would be synonymous with "doing business" tests framed before specific jurisdiction evolved in the United States." *Daimler*, 571 U.S. at 139 n.20. Rather, a business is "at home" outside its jurisdictions of organization and headquarters only in an "exceptional" case. *See Sonera Hldgs., B.V. v. Cukorva Hldgs., A.S.*, 750 F.3d 221, 222 (2d Cir. 2014) (per curiam).

The *Goodyear/Daimler/Tyrrell* trilogy suggested *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952), as the exceptional case in which a foreign corporation could be "at home" somewhere other than its states of organization and headquarters. *See Tyrrell*, 581 U.S. at 413. In *Perkins*, a Philippines mining company was forced to relocate to Ohio when its home jurisdiction was invaded and occupied during World War II. Because Ohio became the center of the corporation's wartime activities, it could be subject to a shareholder's lawsuit there. *Perkins*, 342 U.S. at 447-48.

Here, Brenntag Northeast's business contacts are far too paltry to render it at home in New York. Indeed, Brenntag Northeast, headquartered in Pennsylvania, has no active locations in New York. It performs business throughout the northeastern United States, Ohio and West Virginia. In *Tyrrell*, the defendant's operation of 2,000 miles of railroad track and employment of 2,000 individuals were insufficient contacts to render the defendant at home in the forum state. *Tyrrell*, 581 U.S. at 414; *see also In re Roman Catholic Diocese of Albany*, 745 F.3d 30, 40-41 (2d Cir. 2014) (per curiam) (Diocese of Albany's priest saying weekly masses in Vermont was not so "continuous" or "systematic" to render it "at home" in Vermont); *Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792, 799 (S.D.N.Y. 2015) (Duke University's recruitment of New Yorkers and operation of a student exchange program with NYU did not subject it to general jurisdiction in New York), *aff'd in part and transferred*, 660 F. App'x 43 (2d Cir. 2016) (summary order).

If even substantial business contacts cannot subject a business to general jurisdiction, by stronger reasoning neither can Brenntag Northeast's New York contacts. Brenntag Northeast conducts business in New York. But it also conducts business in New Jersey, Rhode Island, Connecticut, Vermont, New Hampshire, Maine, Ohio, Pennsylvania and West Virginia. As a company that conducts business in multiple states, Brenntag Northeast "can scarcely be deemed at home in all of them." *Tyrrell*, 581 U.S. at 414 (quoting *Daimler*, 571 U.S. at 140). Brenntag Northeast is not subject to general personal jurisdiction in New York.

### 4. This Court must follow the Court of Appeals' determination that New York's long arm statute does not compel foreign companies who register in New York to consent to general jurisdiction.

In *Mallory*, the Supreme Court ruled that a state long arm statute permitting general jurisdiction over foreign defendants that register to do business does not violate the Due Process Clause. *Mallory*, 600 U.S. at 125-26 (plurality opinion); *see id.* at 150 (Alito, J., concurring in part and concurring in the judgment) (agreeing with plurality but positing that a submission-to-jurisdiction requirement might violate other constitutional provisions). *Mallory*, however, interpreted Pennsylvania's long arm statute, which expressly permits general jurisdiction through registration. *See* 42 Pa.C.S. § 5302(a)(2)(i), (a)(3)(i), and (b). New York's long arm, by contrast, statute contains no such language. So the Court of Appeals has held that N.Y.C.P.L.R. § 302(a)(1) and the New York Business Corporation Law do not require foreign businesses like Brenntag Northeast to "consent" to general personal jurisdiction as a condition of doing business in New York.[2] *Aybar*, 177 N.E.3d at 1258. This Court must follow the Court of Appeals' interpretation of New York's long arm statute. New York law does not currently require out-of-state corporations to

---

[2] Even before *Aybar*, the Second Circuit had held that a foreign corporation does not consent to general personal jurisdiction merely by registering to do business in New York. *Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 499 (2d Cir. 2020).

consent to general jurisdiction as a condition of registering to do business. *Christie*, 2024 U.S. Dist. LEXIS 92807, at *10 (dismissing lawsuit by New York residents against foreign businesses for personal injuries that happened in the Dominican Republic). *Mallory*, therefore, does not save personal jurisdiction here.

\* \* \*

In sum, this Court lacks personal jurisdiction over Brenntag Northeast. Under Rule 12(b)(2), the Court should grant Brenntag's Motion to Dismiss.

### B.  Even if New York had personal jurisdiction, venue would be improper in this Court.

Under the general venue statute:

A civil action may be brought in—

> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Relevant here, an artificial business entity may sue or be sued resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(2). The plaintiff bears the burden of showing proper venue in response to a Rule 12(b)(3) motion. *Carranza*, 585 F. Supp. 3d at 387.

Section 1391(b)(1) does not apply, because Brenntag Northeast does not reside in New York. Section 1391(b)(2) also does not apply, because no part of the events or omissions giving rise to Gonzalez's claim occurred in New York. And § 1391(b)(3) cannot apply since it is a fallback for when venue would be proper in nowhere else. Because Brenntag Northeast is not subject to

personal jurisdiction in New York, but would be in other U.S. jurisdictions, § 1391(b)(3) cannot support venue. *See Don King Prods., Inc. v. World Boxing Ass'n*, No. 21-4885, 2022 WL 2133751, 2022 U.S. Dist. LEXIS 106152, at *4 (S.D.N.Y. June 14, 2022). Indeed, in an analogous situation this Court held that venue was improper. *Shepperson v. Greenwood Motor Lines, Inc.*, No. 23-9097, 2024 WL 967438, 2024 U.S. Dist. LEXIS 391195, at *5 (S.D.N.Y. Mar. 6, 2024). *Shepperson* involved a Florida motor-vehicle accident allegedly caused by an Ohio-based transportation company. As it did in *Shepperson*, the Court should rule that venue does not lie in this District.

### C.  The Court could transfer the case.

28 U.S.C. § 1406(a) permits a district court to transfer a case from an improper venue to a proper venue. At this juncture, it would be premature for Brenntag Northeast to request to transfer to a particular forum, as personal jurisdiction and venue might be proper in more than one federal district court.

### V.    Conclusion

The Court should grant Brenntag Northeast's Motion to Dismiss and enter an order dismissing Gonzalez's Complaint for lack of personal jurisdiction or improper venue.

Respectfully submitted,

TANENBAUM KEALE LLP

By:  *s/ Robert M. Gilmartin, Jr.*
      Robert M. Gilmartin, Jr., Esq.
      rgilmartin@tktrial.com
      *Attorneys for Defendant Brenntag*
          *Northeast, LLC*
      Three Gateway Center
      100 Mulberry Street, Suite 1301
      Newark, New Jersey  07102
      (973) 242-0002

Dated: February 6, 2025

## <u>LOCAL RULE 7.1(c) CERTIFICATE</u>

I certify that the foregoing document complies with the word-count limitations of Local Rule 7.1(c). This document, exclusive of the caption, index, table of contents, table of authorities, signature block, and any required certificates, contains 3,648 words. In making this certification, I relied on the word count of the word-processing system used to prepare this document.

TANENBAUM KEALE LLP

By:   <u>*s/ Robert M. Gilmartin, Jr.*</u>
        Robert M. Gilmartin, Jr., Esq.
        *rgilmartin@tktrial.com*
        *Attorneys for Defendant Brenntag Northeast, LLC*
        Three Gateway Center
        100 Mulberry Street, Suite 1301
        Newark, New Jersey 07102
        (973) 242-0002

Dated: February 6, 2025

**EXHIBIT A**



# Notice of Service of Process

**KN4 / ALL**
**Transmittal Number: 30602556**
**Date Processed: 01/14/2025**

| Primary Contact: | Daniel Oberdick<br>Brenntag North America, Inc.<br>5083 Pottsville Pike<br>Reading, PA 19605-9724 |
|---|---|
| **Electronic copy provided to:** | Kathy Zweizig |

| | |
|---|---|
| **Entity:** | Brenntag Northeast, LLC<br>Entity ID Number  4512883 |
| **Entity Served:** | Brenntag Northeast, LLC |
| **Title of Action:** | Cecily Gonzalez vs. Brenntag Northeast, LLC |
| **Matter Name/ID:** | Cecily Gonzalez vs. Brenntag Northeast, LLC (16751520) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Orange County Supreme Court, NY |
| **Case/Reference No:** | EF000242-2025 |
| **Jurisdiction Served:** | New York |
| **Date Served on CSC:** | 01/13/2025 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Essner & Kobin, LLP<br>212-750-4949 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

FILED: ORANGE COUNTY CLERK 01/08/2025 03:30 PM
NYSCEF DOC. NO. 1

INDEX NO. EF000242-2025
RECEIVED NYSCEF: 01/08/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

-------------------------------------------------------------X

CECILY GONZALEZ,

                                    Plaintiff,

        -against-

BRENNTAG NORTHEAST, LLC,

                                    Defendant.

-------------------------------------------------------------X

Date Filed: 01/08/2025
Index No.: EF000242-2025
Plaintiff designates
**ORANGE**
County as the place of trial

The basis of venue is:

**PLAINTIFF'S
RESIDENCE**

**SUMMONS**

Plaintiff resides at:
64 East Shore Road
Sterling Forest, New York 10979
County of Orange

**To the above-named Defendant:**

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this Summons, to serve a notice of appearance, on the Plaintiff's Attorneys within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:   Lake Success, New York
         January 8, 2025

                        ESSNER & KOBIN, LLP

                        JASON M. KOBIN
                        Attorneys for Plaintiff
                        3000 Marcus Avenue, Suite 3W8
                        Lake Success, NY 11042
                        (212) 750-4949

Defendant's address:

BRENNTAG NORTHEAST, LLC
C/O Corporation Service Company
80 State Street
Albany, New York 12207

FILED: ORANGE COUNTY CLERK 01/08/2025 03:30 PM
NYSCEF DOC. NO. 1

INDEX NO. EF000242-2025
RECEIVED NYSCEF: 01/08/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-------------------------------------------------------------X
CECILY GONZALEZ,

                            Plaintiff,

          -against-

BRENNTAG NORTHEAST, LLC,

                         Defendant.
-------------------------------------------------------------X

**Index No. :** EF000242-2025

**VERIFIED
COMPLAINT**

        Plaintiff, CECILY GONZALEZ, by her attorneys, ESSNER & KOBIN, LLP, complaining

of the defendant herein, alleges the following upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION

        1.      At all times relevant and hereinafter mentioned, plaintiff CECILY GONZALEZ

was and still is a resident of the County of Orange, Township of Warwick and State of New York

with a residence address at 64 East Shore Road, Sterling Forest, New York 10979.

        2.      At all times relevant and hereinafter mentioned, defendant BRENNTAG

NORTHEAST, LLC was and is a foreign business corporation duly organized and existing

pursuant to the laws of the state of Delaware with its corporate offices located at 81 W. Huller

Lane, Port Reading, Pennsylvania 19605.

        3.      Pursuant to CPLR Section 301, personal jurisdiction over defendant BRENNTAG

NORTHEAST, LLC is established by defendant BRENNTAG NORTHEAST, LLC's having

engaged in a continuous and systematic course of doing business in New York in that it purposely

and persistently offers, contracts, distributes and delivers its products within the State.

        4.      Pursuant to CPLR Section 302(a)(1), personal jurisdiction over defendant

BRENNTAG NORTHEAST, LLC is established by defendant BRENNTAG NORTHEAST, LLC

FILED: ORANGE COUNTY CLERK 01/08/2025 03:30 PM
NYSCEF DOC. NO. 1

INDEX NO. EF000242-2025
RECEIVED NYSCEF: 01/08/2025

transacting business in New York in that it purposefully and persistently offers, contracts and performs product distribution and freight delivery services in the state of New York.

5.    At all times relevant and hereinafter mentioned, defendant BRENNTAG NORTHEAST, LLC was the owner of a certain motor vehicle (2016 Freight Truck) bearing Pennsylvania license plate number AE42354.

6.    At all times relevant and hereinafter mentioned, LUIS U. SANTIAGO, Deceased, was the operator of a certain motor vehicle (2016 Freight Truck) bearing Pennsylvania license plate number AE42354.

7.    At all times relevant and hereinafter mentioned, LUIS U. SANTIAGO, Deceased, was an agent, servant and/or employee of defendant BRENNTAG NORTHEAST, LLC.

8.    At all times relevant and hereinafter mentioned, LUIS U. SANTIAGO, Deceased, was acting within the scope of his employment as a Freight Truck operator employed by defendant BRENNTAG NORTHEAST, LLC.

9.    By virtue of the foregoing, defendant BRENNTAG NORTHEAST, LLC was and is vicariously liable for the acts and/or omissions of LUIS U. SANTIAGO, Deceased.

10.    At all times relevant and hereinafter mentioned, LUIS U. SANTIAGO, Deceased, operated the motor vehicle (2016 Freight Truck) bearing Pennsylvania license plate number AE42354 with the express permission and consent of defendant BRENNTAG NORTHEAST, LLC.

11.    On or about the 22nd day of July, 2024, plaintiff CECILY GONZALEZ was a lawful passenger on a certain motor vehicle New Jersey Transit Bus (2020 MCI D45 Commuter Bus) bearing New Jersey license plate OYB5837 with VIN# 1M8PDMNASLP01570 while said vehicle

FILED: ORANGE COUNTY CLERK 01/08/2025 03:30 PM
NYSCEF DOC. NO. 1

INDEX NO. EF000242-2025
RECEIVED NYSCEF: 01/08/2025

was travelling on Route 3 near its intersection with Grove Street in Clifton, New Jersey 07013 (Subject Location).

12.    On or about the 22nd day of July, 2024, the motor vehicle (2016 Freight Truck) owned by defendant BRENNTAG NORTHEAST, LLC struck and came into violent contact with the rear of the motor vehicle New Jersey Transit Bus (2020 MCI D45 Commuter Bus) bearing New Jersey license plate OYB5837 wherein plaintiff CECILY GONZALEZ was a lawful passenger at the Subject Location.

13.    Said accident was caused by reason of the negligence and carelessness of Defendant, its agents, servants and/or employees herein in connection with the ownership, operation, maintenance and control of the motor vehicle (2016 Freight Truck).

14.    By reason of the foregoing, plaintiff CECILY GONZALEZ sustained serious and severe permanent personal injuries, emotional and physical trauma, pain and suffering, loss of enjoyment of life, will be prevented and limited in future employment, has incurred other consequential expenses, and has been afflicted with serious, severe and permanently disabling personal injuries.

15.    By reason of the foregoing, plaintiff CECILY GONZALEZ sustained serious injuries as defined in Section 5102(d) of the Insurance Law of the State of New York and/or economic loss greater than basic economic loss as defined in Section 5102(a) of the Insurance Law of the State of New York.

16.    The aforesaid accident and Plaintiff CECILY GONZALEZ' resultant injuries were caused wholly and solely by the carelessness and negligence of Defendant, its agents, servants and/or employees herein, without any negligence or want of care on the part of Plaintiff CECILY GONZALEZ contributing thereto.

FILED: ORANGE COUNTY CLERK 01/08/2025 03:30 PM
NYSCEF DOC. NO. 1

INDEX NO. EF000242-2025
RECEIVED NYSCEF: 01/08/2025

and/or employees herein, without any negligence or want of care on the part of Plaintiff CECILY

GONZALEZ contributing thereto.

17.     The limitations on liability set forth in CPLR Section 1600 et seq., do not apply.

18.     The limitations on liability set forth in CPLR Section 1600 et. seq., do not apply by

reason of one or more of the exceptions contained therein.

19.     By reason of the foregoing, Plaintiff CECILY GONZALEZ has sustained damages

in an amount that exceeds the jurisdictional limits of all lower Courts that would otherwise have

jurisdiction of this action.

**WHEREFORE,** Plaintiff demands judgment against Defendant on the First Cause of

Action in an amount that exceeds the jurisdictional limits of all lower Courts that would otherwise

have jurisdiction of this action, together with interest and the costs and disbursements of this

action.

Dated: Lake Success, New York
       January 8, 2025

Yours, etc.,

ESSNER & KOBIN, LLP

JASON M. KOBIN
Attorneys for Plaintiff
3000 Marcus Avenue, Suite 3W8
Lake Success, New York 11042
(212) 750-4949

FILED: ORANGE COUNTY CLERK 01/08/2025 03:30 PM

NYSCEF DOC. NO. 1

INDEX NO. EF000242-2025

RECEIVED NYSCEF: 01/08/2025

## VERIFICATION

JASON M. KOBIN, an attorney duly admitted to practice law in the Courts of the State of New York, hereby affirms the following under penalties of perjury:

I am a member of the law firm of ESSNER & KOBIN, LLP, attorneys for the Plaintiff in this action.

I have read the foregoing VERIFIED COMPLAINT, and know the contents thereof, and upon information and belief, I believe the matters alleged therein to be true.

This Verification is made by me and not by Plaintiff because Plaintiff resides in a county other than the one in which Plaintiff's attorneys maintain their offices.

The source of my information and the grounds for my belief are the communications, papers, records, reports, and investigation contained in the case file.

Dated: Lake Success, New York
          January 8, 2025

JASON M. KOBIN

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** ORANGE
-------------------------------------------------------------------x
CECILY GONZALEZ,

Plaintiff/Petitioner,

- against -

BRENNTAG NORTHEAST, LLC,                         Index No. EF000242-2025

Defendant/Respondent.

-------------------------------------------------------------------x

**NOTICE OF ELECTRONIC FILING**
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically

  - free access to view and print your e-filed documents

  - limiting your number of trips to the courthouse

  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

6/6/18 EFM-1

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: 01/08/2025

Jason M. Kobin                                  3000 Marcus Avenue, Suite 3W8
       Name                                            Address
Essner & Kobin, LLP

       Firm Name                         Lake Success, New York 11042

                               212-750-4949
                                  Phone

                               JKobin@esskolaw.com
                                    E-Mail

To:  Brenntag NE, LLC. C/O Corp. sv

     80 State Street

     Albany, New York 12207

**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

CECILY GONZALEZ,                               :        CIVIL ACTION
                                               :
              Plaintiff,                       :        NO.
                                               :
       vs.                                     :        JURY TRIAL DEMANDED
                                               :
BRENNTAG NORTHEAST, LLC,                       :
                                               :
              Defendant.                       :

## <u>DECLARATION</u>

I, David Kutz, state as follows:

1.      I am the Vice President, Operations for Brenntag Northeast, LLC.

2.      Brenntag SE and its subsidiaries are an international group of companies with operations in 600 locations in 72 countries.

3.      Brenntag Northeast, LLC, is a Delaware limited liability company.

4.      Brenntag Northeast, LLC, has its principal place of business at 81 West Huller Lane, Reading, Pennsylvania.

5.      Brenntag Northeast, LLC, is wholly owned by Brenntag North America, Inc., which is an indirect subsidiary of Brenntag SE, which has its principal place of business at 5083 Pottsville Pike, Reading, Pennsylvania.

6.      Brenntag Northeast, LLC is in the business of distribution of industrial and specialty chemicals to various industries and users.

7.    Brenntag Northeast, LLC's, area of operations is Pennsylvania, New York, New Jersey, Maryland, all New England and portions of Ohio and West Virginia.

8.    Brenntag Northeast, LLC operates no active locations in New York.

9.    I have reviewed materials relating to Plaintiff's Complaint and materials relating to it.

10.    Luis Santiago was not a New York resident and did not hold a New York driver's license.

11.    The Freightliner truck tractor involved in the accident was not registered or titled in New York.

12.    The semitrailer involved in the accident was not registered or titled in New York.

13.    At the time of the accident, Mr. Santiago was traveling from a location in New Jersey to another location in New Jersey.

14.    Brenntag Northeast, LLC, does not consent to personal jurisdiction or venue in New York.


I certify under penalty of perjury that the foregoing is true and correct.

Executed on 2/4/2025

David Kutz